UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN TURNER,<br><br>    Plaintiff,<br><br>v.<br><br>REGINA DENNIS, et al.,<br><br>    Defendants. | Case No. 17-cv-07361-MEJ<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>**REPORT & RECOMMENDATION** |

## INTRODUCTION

On December 29, 2017, Plaintiff Stephen Turner filed a Complaint and an Application to Proceed In Forma Pauperis. Compl., Dkt. No. 1; Appl., Dkt. No. 2. A district court may authorize the start of a civil action in forma pauperis if the court is satisfied that the would-be plaintiff cannot pay the filling fees required to pursue the lawsuit. *See* 28 U.S.C. § 1915(a)(1). Plaintiff submitted the required documentation demonstrating he is unable to pay the costs of this action, and it is evident from the Application that his assets and income are insufficient to enable him to pay the fees. *See* Appl. Accordingly, the Court **GRANTS** Plaintiff's Application to Proceed In Forma Pauperis.

However, not all parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). *See Williams v. King*, 875 F.3d 500, 504 (9th Cir. 2017) (magistrate judge "jurisdiction cannot vest until the court has received consent from all parties to an action"). Accordingly, the Clerk of Court shall **REASSIGN** this case to a District Judge, with the recommendation that the Complaint be **DISMISSED**.

**SUA SPONTE SCREENING UNDER 28 U.S.C. § 1915(e)(2)**

**A.     Legal Standard**

While the Court has granted Plaintiff's Application to Proceed In Forma Pauperis, it must also review Plaintiff's Complaint to determine whether the action may be allowed to proceed. The Court must dismiss the Complaint if it is frivolous, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To make this determination, courts assess whether there is a factual and legal basis for the asserted wrong, "however inartfully pleaded." *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984) (quotation omitted). Pro se pleadings are liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Moreover, the Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

**B.     Allegations in the Complaint**

On May 15, 2017, Plaintiff received a $288 parking fine from the San Francisco Municipal Transit Authority ("SFMTA"). Compl. ¶ 16. Plaintiff contested this citation in the San Francisco Superior Court; he was found guilty on September 13, 2017. *Id.* On September 28, 2017 and pursuant to California Rule of Court 8.1005, Plaintiff attempted to file an "Application For Certification Re: Transfer To The Court Of Appeal" ("Certification Document") in the San Francisco Superior Court's clerk's office. *Id.* ¶ 17. Plaintiff made four separate attempts to file this document, but each time the clerks refused to file it. *Id.* Plaintiff alleges September 28, 2017 was the last day he could file the Certification Document. *Id.* ¶ 18. Because Defendants refused to file his Certification Document, Plaintiff lost his case. *Id.* Plaintiff contends that by refusing to file Plaintiff's Certification Document, Defendants violated his access to the courts. *Id.* ¶¶ 24, 28. Plaintiff further alleges Defendant Edward D. Reiskin, CEO/Director of SFMTA, is currently

attempting to collect Plaintiff's unpaid citation. *Id.* ¶ 19.

Plaintiff sues six defendants in their official capacities: (1) Regina Dennis, Court Manager of the Superior Court of California, County of San Francisco ("San Francisco Superior Court"); (2) Wayne Parinas, Court Administrator of the San Francisco Superior Court; (3) Emalyn Bura, Court Supervisor of the San Francisco Superior Court; (4) Gina R.S. Gonzalez, Acting Supervisor of Appeals of the San Francisco Superior Court; (5) Mike Macapinlac, Appeals Clerk of the San Francisco Superior Court; and (6) Edward D. Reiskin. *Id.* ¶¶ 7-12. Plaintiff also sues the San Francisco Superior Court. *Id.* ¶ 13.

Plaintiff asserts three claims: (1) violation of the First Amendment pursuant to 42 U.S.C. § 1983 against all Defendants; (2) violation of the California Constitution, article I section 3 against all Defendants; and (3) a *Monell* claim against the San Francisco Superior Court.[1] *Id.* ¶¶ 22-36. Plaintiff seeks a temporary stay of enforcement of Plaintiff's unpaid parking citation or, alternatively, a preliminary and permanent injunction barring Defendants from collecting the citation. *Id.* ¶ 26 & Prayer for Relief.[2] Plaintiff also seeks a declaratory judgment that Defendants' actions violated the First Amendment to the U.S. Constitution and article I section 3 of the California Constitution. *Id.*, Prayer for Relief.

**C.  Analysis and Screening**

The Complaint fails to state a claim upon which relief can be granted.

1.  <u>42 U.S.C. § 1983</u>

Federal Rule of Civil Procedure 8(a)(2) requires Plaintiff to provide a "short and plain statement" of the claims, but "more than an unadorned, the defendant-unlawfully-harmed-me accusation" to help the Court logically connect how the defendant caused Plaintiff's injury and show what claims for relief exist. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). "[A] plaintiff's obligation to provide the 'grounds' for . . . 'entitlement to relief' requires more than labels and conclusions . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To

---

[1] *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

[2] The Complaint contains two paragraphs numbered "26." For purposes of this Report and Recommendation, the second paragraph 26 is cited as the "Prayer for Relief."

3

state a § 1983 claim, Plaintiff must plead "two essential elements: (1) the defendants acted under color of law, and (2) their conduct deprived the plaintiff of a constitutional right." *Stein v. Ryan*, 662 F.3d 1114, 1118 (9th Cir. 2011) (internal quotation marks and brackets omitted).

    a.    *Ms. Dennis, Mr. Parinas, Ms. Bura, Ms. Gonzalez, and Mr. Macapinlac*

Plaintiff generally alleges Defendants or the clerk's office violated Plaintiff's U.S. and California constitutional rights. *See, e.g.*, Compl. ¶¶ 24-25, 29. But the Complaint does not allege facts showing how each specific Defendant's conduct gives rise to a § 1983 claim. *See Iqbal*, 556 U.S. at 676 ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Drawsand v. F.F. Props., L.L.P.*, 866 F. Supp. 2d 1110, 1120 (N.D. Cal. 2011) ("Where multiple defendants are involved, the pleadings must establish a nexus between each defendant's actions and the alleged deprivation of plaintiff's constitutional rights."). Plaintiff pleads no facts connecting the conduct of Ms. Dennis, Mr. Parinas, Ms. Bura, Ms. Gonzalez, or Mr. Macapinlac to the alleged violation of Plaintiff's rights. For instance, there are no allegations that each of these Defendants refused to file Plaintiff's Certification Document. This is insufficient to state a claim against these Defendants. *See Bey v. City of Oakland*, 2014 WL 4220319, at *3 (N.D. Cal. Aug. 25, 2014) (finding plaintiff failed to state a claim against defendants where the complaint contained no facts connecting defendants with specific unlawful conduct directed at plaintiffs). Without more clearly articulated statements about when and how each Defendant violated Plaintiff's rights, the undersigned cannot assess whether Plaintiff is capable of stating a claim upon which relief may be granted.

Even if Plaintiff can allege facts regarding each Defendant's conduct, leave to amend is futile as to Ms. Dennis, Mr. Parinas, Ms. Bura, Ms. Gonzalez, and Mr. Macapinlac. As alleged, these Defendants are officers of the court. *See* Compl. ¶¶ 7-11. "Absolute immunity is not reserved solely for judges, but extends to nonjudicial officers for all claims relating to the exercise of judicial functions." *Burton v. Infinity Capital Mgmt.*, 862 F.3d 740, 747 (9th Cir. 2017) (internal quotation marks omitted); *see In re Castillo*, 297 F.3d 940, 952 (9th Cir. 2002), *as amended* (Sept. 6, 2002) ("We have extended absolute quasi-judicial immunity . . . to court clerks

4

and other non-judicial officers for purely administrative acts—acts which taken out of context would appear ministerial, but when viewed in context are actually a part of the judicial function.").

Courts "take a functional approach to determining whether a nonjudicial officer is entitled to absolute quasi-judicial immunity by looking to 'the nature of the function performed and not to the identity of the actor performing it.'" *Burton*, 862 F.3d at 747 (quoting *Castillo*, 297 F.3d at 948). "To qualify for absolute immunity, the function performed must be a judicial act with 'a sufficiently close nexus to the adjudicative process.'" *Id.* at 747-48 (quoting *Castillo*, 297 F.3d at 948). But "it is only when the judgment of an official other than a judge involves the exercise of discretionary judgment that judicial immunity may be extended to that nonjudicial officer." *Castillo*, 297 F.3d at 949; *see Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 435 (1993) ("The doctrine of judicial immunity is supported by a long-settled understanding that the independent and impartial exercise of judgment vital to the judiciary might be impaired by exposure to potential damages liability.").

To the extent Plaintiff alleges Ms. Dennis, Mr. Parinas, Ms. Bura, Ms. Gonzalez, and Mr. Macapinlac refused to file his Certification Document, such a decision would be an integral part of the judicial process and within their discretion. *See Mullis v. U.S. Bankr. Court for Dist. of Nev.*, 828 F.2d 1385, 1390 (9th Cir. 1987) (court clerks' alleged refusal to accept amended bankruptcy petition was "properly . . . characterized as integral parts of the judicial process" such that "the clerks qualif[ied] for quasi-judicial immunity unless these acts were done in the clear absence of all jurisdiction"); *Coulter v. Roddy*, 463 F. App'x 610, 611 (9th Cir. 2011) (deputy clerks' refusal to file plaintiff's requests for dismissal of civil action fell within scope of duties that were integral part of the judicial process, entitling clerks to immunity); *Sedgwick v. United States*, 265 F. App'x 567, 568 (9th Cir. 2008) (Supreme Court Clerk entitled to absolute quasi-judicial immunity for refusing to file plaintiff's petition for writ of certiorari). These Defendants are therefore entitled to quasi-judicial immunity and leave to amend the § 1983 claim as to them would be futile.

    b.  *Mr. Reiskin*

Plaintiff fails to allege specific facts showing how Mr. Reiskin violated his constitutional rights. At most, Plaintiff alleges Mr. Reiskin is attempting to collect the unpaid parking citation.

5

Compl. ¶¶ 19, 26. But Plaintiff does not plead facts showing this amounts to a denial of his access to the courts or otherwise violates his federal or state constitutional rights. Dismissal as to Mr. Reiskin is therefore appropriate.

However, nothing in the record indicates Plaintiff cannot allege specific conduct by Mr. Reiskin that violated Plaintiff's rights. It therefore is not absolutely clear that leave to amend as to Mr. Reiskin would be futile. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (internal quotation marks omitted)).

### c. *San Francisco Superior Court*

Plaintiff also fails to state a § 1983 claim against the San Francisco Superior Court. The San Francisco Superior Court is an "arm of the State" and thus immune from Plaintiff's claims. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989) ("[G]overnmental entities . . . are considered 'arms of the State' for Eleventh Amendment purposes" and are not liable under § 1983); *Simmons v. Sacramento Cty. Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) ("Plaintiff cannot state a [§ 1983] claim against the Sacramento County Superior Court (or its employees), because such suits are barred by the Eleventh Amendment."); *Neal v. Rodriguez*, 185 F.3d 868 (9th Cir. 1999) ("The Superior Court . . . [is an] arm of the state entitled to Eleventh Amendment immunity.").

### 2. *Monell*

A local government entity "may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell*, 436 U.S. at 694. Instead, a municipality is liable only if the individual can establish that the municipality "had a deliberate policy, custom, or practice that was the 'moving force' behind the constitutional violation he [or she] suffered." *Id.* at 694-95; *Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007); *Galen v. Cty. of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007). To hold a public entity liable, a plaintiff must demonstrate that the unlawful governmental action was part of the public entity's policy or custom, and that there is a nexus between the specific policy or custom and the plaintiff's injury. *Monell*, 436 U.S. at 690-92,

694-95.

"[T]he Supreme Court has expressly declined to extend *Monell*'s theory of municipal liability under § 1983 to state entities." *Krainski v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ.*, 616 F.3d 963, 968 (9th Cir. 2010) (citing *Will*, 491 U.S. at 71). As a state entity, the San Francisco Superior Court is an improper defendant to Plaintiff's *Monell* claim. Dismissal is therefore appropriate, and granting leave to amend would be futile.

### 3. California Constitution

Plaintiff alleges the Superior Court of California violated his rights under the California Constitution "[b]y deliberately refusing to file [his] Certification Document." Compl. ¶ 29. "Access to the courts is indeed a right guaranteed to all persons by the federal and state constitutions. It is regarded as arising from the First Amendment right to petition the government for redress of grievances . . . , a right also protected by article 1, section 3 of the California Constitution." *Jersey v. John Muir Med. Ctr.*, 97 Cal. App. 4th 814, 821 (2002) (internal citation omitted).

However, the Eleventh Amendment of the United States Constitution bars a citizen from bringing suit for monetary relief against the citizen's own State in federal court. *See Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987). But "under *Ex parte Young*, [209 U.S. 123 (1908),] the Eleventh Amendment generally does not bar suits for prospective, non-monetary relief against state officers." *North E. Med. Servs., Inc. v. Cal. Dep't of Health Care Servs., Health & Human Servs. Agency, Cal.*, 712 F.3d 461, 466 (9th Cir. 2013); *see Krainski*, 616 F.3d at 967-68 (While "Eleventh Amendment immunity also shields state officials from official capacity suits. . . . [a] narrow exception exists where the relief sought is prospective in nature and is based on an ongoing violation of the plaintiff's federal constitutional or statutory rights." (internal quotation marks omitted)).

To the extent Plaintiff seeks monetary damages, such relief is barred by the Eleventh Amendment. *See* Compl., Prayer for Relief ("Plaintiff prays for . . . [a] temporary stay of enforcement of Plaintiff's unpaid parking citation fine pending resolution of this matter, or alternatively, a preliminary and permanent injunction barring Defendants from collecting

7

Plaintiff's unpaid parking citation[.]"). However, to the extent Plaintiff seeks injunctive and declaratory relief (*see id.*), the Eleventh Amendment does not automatically bar his California Constitution claim. *See C.N. v. Wolf*, 410 F. Supp. 2d 894, 901 (C.D. Cal. 2005) (finding Eleventh Amendment did not bar plaintiff's claim against state officials to the extent claim sought prospective injunctive relief).

Nevertheless, Plaintiff does not state a state constitutional claim. The Complaint alleges that Plaintiff attempted to file his Certification Document pursuant to California Rule of Court 8.1005 with the Clerk of the San Francisco Superior Court. Compl. ¶ 17. California Rule of Court 8.1005(a)(1) gives "[t]he apellate division" the authority to "certify a case for transfer to the Court of Appeal on its own motion or on party's application if it determines that transfer is necessary to secure uniformity of decision or to settle an important question of law." A party may file an application asking the appellate division to certify a case for transfer, explaining why transfer is necessary, no later than 15 days after the decision the party seeks to certify was filed. Cal. R. Ct. 8.1005(b). The Complaint alleges Plaintiff filed his Certification Document with the Superior Court, not with the Court of Appeal. *See* Compl. ¶ 17. The Superior Court Clerk did not have the authority to accept or file the document; only the appellate division could do so.

Dismissal is appropriate for these reasons. But because it is not clear at this juncture that Plaintiff cannot allege the requisite facts to state a claim, leave to amend is appropriate.

**CONCLUSION**

Based on the analysis above, the Court **GRANTS** the Application to Proceed In Forma Pauperis. As Plaintiff did not yet consent to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), the Clerk of Court shall **REASSIGN** this case to a District Judge, with the following recommendation that

1. Plaintiff's § 1983 claim be **DISMISSED WITHOUT LEAVE TO AMEND** as to Ms. Dennis, Mr. Parinas, Ms. Bura, Ms. Gonzalez, Mr. Macapinlac, and the San Francisco Superior Court;

2. Plaintiff's § 1983 claim be **DISMISSED WITH LEAVE TO AMEND** as to Mr. Reiskin;

3. Plaintiff's *Monell* claim be **DISMISSED WITHOUT LEAVE TO AMEND**; and

4. Plaintiff's California Constitutional claim be **DISMISSED WITH LEAVE TO AMEND**.

Pursuant to Federal Rule of Civil Procedure 72, any party may serve and file objections to this Report and Recommendation within 14 days after being served.

Plaintiff may seek assistance from the Legal Help Center, a free service offered by the Justice & Diversity Center of the Bar Association of San Francisco, by calling 415-782-8982, or by signing up for an appointment on the 15th Floor of the Federal Courthouse in San Francisco, 450 Golden Gate Avenue, San Francisco, California. There is also a Legal Help Center in Oakland, located on the 4th Floor, Room 470S, of the United States Courthouse, 1301 Clay Street, Oakland. At the Legal Help Center, you will be able to speak with an attorney who may be able to provide basic legal help but not representation. More information is available at http://cand.uscourts.gov/helpcentersf.

Plaintiff may also wish to obtain a copy of the district court's *Handbook for Litigants Without a Lawyer*. It provides instructions on how to proceed at every stage of your case, including discovery, motions, and trial. The handbook is available in person at the Clerk's Office and online at: http://cand.uscourts.gov/prosehandbook.

**IT IS SO ORDERED AND RECOMMENDED.**

Dated: January 10, 2018

_____
MARIA-ELENA JAMES
United States Magistrate Judge

9