UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| STEPHEN TURNER,<br><br>    Plaintiff,<br><br>vs.<br><br>REGINA DENNIS, et al.,<br><br>    Defendants. | Case No: C 17-07361 SBA<br><br>**ORDER DISMISSING PLAINTIFF'S COMPLAINT**<br><br>Dkt. 4 |

On December 29, 2017, pro se plaintiff Stephen Turner ("Plaintiff") filed a complaint for declaratory and injunctive relief, Dkt. 1, as well as an application to proceed in forma pauperis ("IFP"), Dkt. 2. Magistrate Judge Maria-Elena James (the "Magistrate") previously granted Plaintiff's application to proceed IFP. The matter is presently before the Court on the Magistrate's report and recommendation to dismiss the complaint. Dkt. 4.

## I. BACKGROUND

### A. FACTUAL BACKGROUND

Plaintiff is a citizen of California and a resident of Alameda County. Compl. ¶ 1, Dkt. 1. On May 15, 2017, Plaintiff moved his disabled vehicle off the roadway and parked it in a bus zone in San Francisco, California. Id. ¶ 16. Plaintiff received a parking citation from the San Francisco Municipal Transit Authority ("SFMTA") under California Vehicle Code section 22500(i), which carried a fine of $288. Id. On September 13, 2017, Plaintiff contested the citation in the San Francisco County Superior Court (the "Superior Court"), "where he was found guilty at a *de novo* hearing," i.e., a hearing under Vehicle Code section 40230. Id. According to Plaintiff, "no further appeals were allowed." Id.

On September 28, 2017, Plaintiff attempted to file an Application for Certification Re: Transfer to the Court of Appeal ("Application") in the Clerk's Office of the Superior Court pursuant to California Rule of Court 8.1005. Compl. ¶ 17.[1] Plaintiff made four separate attempts to file the Application, but each time the clerks "refused" to file it. Id. Plaintiff claims that the refusal to file his Application "constituted [an] official court policy." Id. Plaintiff further claims that, as a result of the clerks' refusal to file the Application, he "lost his case." Id. ¶ 18. According to Plaintiff, his right of access to the courts was thereby violated. Id. ¶ 17.

## B. PROCEDURAL BACKGROUND

Plaintiff brings the instant action against the Superior Court, as well as five individual court employees in their official capacities: (1) Regina Dennis ("Dennis"), Court Manager; (2) Wayne Parinas ("Parinas"), Court Administrator; (3) Emalyn Bura ("Bura"), Court Supervisor; (4) Gina R. S. Gonzalez ("Gonzalez"), Acting Supervisor of Appeals; and (5) Mike Macapinlac ("Macapinlac"), Appeals Clerk. Plaintiff also brings the instant action against Edward D. Reiskin, CEO/Director of the SFMTA ("Reiskin").

Plaintiff alleges causes of action for: (1) Violation of the First Amendment, Access to the Courts, 42 U.S.C. § 1983, against all defendants; (2) Violation of California Constitution, Article I § 3, Access to the Courts, against all defendants; and (3) Monell Claim, against the Superior Court.[2] As relief, he seeks a temporary stay of enforcement of his unpaid parking fine pending resolution of this matter, or alternatively, a preliminary and permanent injunction barring the collection of his unpaid fine. Plaintiff also seeks a declaratory judgment that the defendants' actions and official policy violated his right of access to the courts under the United States and California Constitutions.

---

[1] Pursuant to California Rules of Court Rule 8.1005(b), a party may file an application asking the appellate division of the superior court to certify a case for transfer to the Court of Appeal. The rule applies to "cases within the appellate jurisdiction of the superior court-other than appeals in small claims cases." Id., Rule 8.1000.

[2] Monell v. Dep't of Soc. Servs. of New York, 436 U.S. 658 (1978).

On January 10, 2018, the Magistrate issued a combined Order Granting Plaintiff's Application to Proceed in Forma Pauperis and Report and Recommendation ("R&R"). Dkt. 4. The Magistrate recommends: (1) dismissal of the § 1983 claim against the Superior Court, Dennis, Parinas, Bura, Gonzalez, and Macapinlac, without leave to amend, based on quasi-judicial and sovereign immunity; (2) dismissal of the § 1983 claim against Reiskin, with leave to amend, for failure to state a claim; (3) dismissal of the Monell claim, without leave to amend, based on sovereign immunity; and (4) dismissal of the California constitutional claim, with leave to amend, for failure to state a claim.

On January 19, 2018, Plaintiff filed Objections to Magistrate's Report and Recommendation ("Objections"). Dkt. 7. In his Objections, Plaintiff agrees that the § 1983 claim against Dennis, Parinas, Bura, and Gonzalez should be dismissed. Id. at 2. However, Plaintiff objects to the dismissal of his § 1983 claim against Macapinlac, who he asserts is also a properly named defendant to the California constitutional claim. Id. Plaintiff does not specifically address his § 1983 or Monell claims against the Superior Court.

## II. LEGAL STANDARDS

### A. REVIEW OF MAGISTRATE'S R&R

A magistrate judge may prepare findings and recommendations on dispositive matters without the consent of the parties pursuant to 28 U.S.C. § 636(b)(1). See Reynaga v. Cammisa, 971 F.2d 414, 416 (9th Cir. 1992). Once findings and recommendations are served, the parties have fourteen days to file specific written objections thereto. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). A judge must review de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) ("The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.") (emphasis in original). A judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

B. **IFP PLEADINGS**

A district court may authorize the commencement of an action without prepayment of fees by a litigant who demonstrates that he is unable to pay. 28 U.S.C. §1915(a)(1). The Court has a continuing duty to dismiss such an action, however, if it determines that the action "fails to state a claim on which relief may be granted." Id. § 1915(e)(2)(B)(ii); see also Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("It is also clear that section 1915(e) not only permits but *requires* a district court to dismiss an in forma pauperis complaint that fails to state a claim.") (emphasis added).

## III. DISCUSSION

As discussed above, the Magistrate recommends dismissal of Plaintiff's claims— some with leave to amend and some without—on the grounds of failure to plead facts sufficient to state a claim, quasi-judicial immunity, and sovereign immunity. As discussed below, however, the Court finds that Plaintiff's claims fail for a more fundamental reason, i.e., he has no right to appeal from the Superior Court's decision on his parking citation. Accordingly, the Court rejects the recommendations of the Magistrate in favor of the reasoning and decision set forth in this Order.

A. **SECTION 1983**

To maintain a claim under 42 U.S.C. § 1983, a plaintiff must plead two essential elements: (1) the violation of a right secured by the Constitution and laws of the United States; and (2) that the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009). Section 1983 is not itself a source of substantive rights, but a jurisdictional vehicle for vindicating rights elsewhere conferred. See Thornton v. City of St. Helens, 425 F.3d 1158, 1164 (9th Cir. 2008) (citations omitted).

Plaintiff brings a claim under § 1983 to vindicate his right of access to the courts. As held by the Supreme Court, the constitutional right of access to courts "is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." Christopher v. Harbury, 536 U.S. 403, 415 (2002); see also Lewis v. Casey,

518 U.S. 343, 349 (1996) (access to courts claim requires plaintiff to show that the defendant's conduct caused "actual injury"). To state a claim for deprivation of the right of access to courts, a plaintiff must show: (1) the loss of a "nonfrivolous" claim; (2) the official acts frustrating the litigation; and (3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit. Christopher, 536 U.S. at 415. Here, Plaintiff alleges that various clerks refused to file his Application to certify for transfer an appeal from the Superior Court's judgment on his parking citation. Because no such right of appeal exists, however, Plaintiff fails to establish actual injury.

"It is settled that the right of appeal is statutory and that a judgment or order is not appealable unless expressly made so by statute." People v. Mazurette, 24 Cal. 4th 789, 792 (2001). Pursuant to California Vehicle Code section 40230, a person contesting a parking citation may seek de novo judicial review of the issuing agency's administrative decision in the superior court (formerly municipal court). No appeal lies from the judgment of the superior court. Smith v. City of L.A. Dep't of Transp., 59 Cal. App. 4th Supp. 7, 10 (1997) (a decision under § 40230 "does not constitute an appealable judgment"); Lagos v. City of Oakland, 41 Cal. App. 4th Supp. 10, 12 (1995) (appeal from a decision under § 40230 "is not expressly provided for" by statute).[3] The superior court is the court of last resort, and the appellate department is without jurisdiction to hear (or certify for transfer) an appeal. Smith, 59 Cal. App. 4th Supp. at 10 (dismissing appeal from a municipal court's decision on a parking citation for lack of jurisdiction); Lagos, 41 Cal. App. 4th at 12 (same).

In view of the foregoing, even if the Superior Court clerks erred in refusing to accept Plaintiff's Application, no injury ensued from the frustration of his appeal. Accordingly, Plaintiff does not (and cannot) state a claim for violation of his right of access to the courts, and the Court dismisses said claim without leave to amend. See Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (dismissal without leave to amend is proper if "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment").

---

[3] Indeed, Plaintiff explicitly acknowledges: "By state statute, no further appeals were allowed [from the Superior Court order]." Compl. ¶ 16.

### B. MONELL

A local government entity may be held liable under § 1983 if a "policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011) (citing Monell, 436 U.S. at 694). There can be no Monell liability without an underlying constitutional violation, however. Scott v. Henrich, 39 F.3d 912, 916 (9th Cir. 1994); Jackson v. City of Bremerton, 268 F.3d 646, 653-54 (9th Cir. 2001) ("Neither a municipality nor a supervisor . . . can be held liable under § 1983 where no injury or constitutional violation has occurred.") (citing City of Los Angeles v. Heller, 472 U.S. 796, 799 (1986)); accord McSherry v. City of Long Beach, 584 F.3d 1129, 1147 (9th Cir. 2009). As discussed above, Plaintiff fails to allege a violation of his right of access to the courts. Plaintiff therefore fails to state a claim under Monell, and the Court dismisses said claim without leave to amend. See Akhtar, 698 F.3d at 1212.

### C. CALIFORNIA CONSTITUTION

Plaintiff's claim for deprivation of the right of access to the courts under the California Constitution arises under state law. A federal court may exercise supplemental jurisdiction over such state law claims if they are "so related" to other claims over which the court has original jurisdiction that they "form part of the same case or controversy." 28 U.S.C. § 1367(a). However, after a federal court dismisses all claims over which it has original jurisdiction, supplemental jurisdiction may be declined. 28 U.S.C. § 1367(c)(3); see also Sanford v. MemberWorks, Inc., 625 F.3d 550, 561 (9th Cir. 2010) (citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988)). Having dismissed Plaintiff's claims under § 1983, the Court declines to exercise its supplemental jurisdiction over Plaintiff's state law claim.

## IV. CONCLUSION

For the reasons stated above, the Court HEREBY REJECTS the Magistrate's R&R in favor of the instant Order. IT IS HEREBY ORDERED THAT Plaintiff's complaint is DISMISSED without leave to amend. Said dismissal is without prejudice to Plaintiff's

ability to present his claims in a paid complaint and/or to bring his state law claim(s) in the appropriate state court. Any appeal taken from this ruling will not be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

Dated: 3/8/18

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
Senior United States District Judge